# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:05CR173 RAS/DDB |
| | § | |
| BRIAN O'NEAL CLARK (12) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 12, 2015 to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Jay Combs.

On July 20, 2006, Defendant was sentenced by the Honorable Michael Schneider, United States District Judge, to a sentence of 60 months imprisonment followed by a 3-year term of supervised release for the offense of Carrying, or Possession of a Firearm During, in Relation to, and in Furtherance of a Drug Trafficking Crime. Defendant began his term of supervision on October 4, 2012. The term of supervised release was revoked on August 15, 2013, and Defendant was sentenced to 13 months imprisonment followed by an additional 24 month term of supervised release. Following his revocation, the new term of supervised release commenced on June 12, 2014. This case was transferred to the Honorable Marcia A. Crone on November 30, 2012.

On June 8, 2015, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 937). The Petition asserts that Defendant violated

1

the following conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (4) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (5) Defendant shall notify the probation officer at least ten day prior to any change in residence or employment; (6) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer; and (7) Under the guidance and direction of the U.S. Probation Office, Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

The Petition alleges that Defendant committed the following violations: (1) On April 20, 2015, Defendant submitted a urine specimen which tested positive for marijuana and cocaine. He admitted verbally and in writing that he used said substances on or about April 18, and 19, 2015; (2) Defendant failed to report to the U.S. Probation Office as directed on May 18, 2015. Defendant failed to submit a written report for the month of April 2015; (3) During an office visit on October 6, 2014, Defendant was questioned about his employment status. He reported he continued to work through Employee Solutions Temporary Agency at Encore Wire, McKinney, TX. It was discovered on October 22, 2014, when the officer contacted Defendant's employer that he abandoned his job and his last date of employment was September 26, 2014; (4) Defendant failed to notify the

probation office in a timely manner of change of employment. He secured employment through Employee Solutions Temporary Agency at Encore Wire, McKinney, TX, on June 30, 2014. He reported this change of employment to the probation office on July 3, 2014. Defendant abandoned his job at Encore Wire, McKinney, TX, on September 26, 2014. He did not report the change of employment to the probation office until October 19, 2014. Furthermore, Defendant abandoned his job at Nebraska Furniture Mart, The Colony, TX, in April 2015, and did not report the employment change. On May 1, 2015, the probation office was advised by Defendant's wife, Shannon Griffin Clark, that Defendant moved from their residence the previous month. He failed to report the change of residence and his current residence is unknown; (5) Defendant failed to submit to drug testing as directed on July 1, 2014, April 28, May 1, 6, 8, 12, 15, 20, 26, and June 1, 2015; and (6) Defendant failed to attend mental health treatment at Pillar Counseling, Plano, TX, as directed. He was instructed to attend two sessions per month. He only attended one session in the month of September 2014. He failed to attend scheduled sessions on January 7, February 2, April 27, and April 29, 2015. Furthermore, he did not attend any sessions during the month of May 2015.

At the hearing, Defendant entered a plea of true to the alleged violations. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the November 12, 2015 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months, with no supervised release to follow. The Court further recommends that the Defendant's term of

imprisonment be carried out at the Bureau of Prisons Facility located in Seagoville, Texas, if appropriate.

**SIGNED this 25th day of November, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE